UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MUHAMMAD MOHSIN,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY
DETENTION FACILITY, *et al.*,

Respondents.

Case No.  1:26-cv-03459  (AMO)

**ORDER GRANTING RESPONDENTS'
MOTION TO DISMISS**

Re: Dkt. Nos. 1, 2, 7

Before the Court is Petitioner Muhammad Mohsin's request for a temporary restraining order (Dkt. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing detention at the California City Detention Facility. Dkt. 1. Respondents moved to dismiss the Petition (Dkt. 7), and Petitioner opposed. Dkt. 10, 11. For the foregoing reasons, the Court GRANTS the motion to dismiss, DENIES the Petition without prejudice, and resolves the motion for a temporary restraining order as moot.

I.      **BACKGROUND**

Petitioner is a citizen of Pakistan currently in the custody of the U.S. Immigration and Customs Enforcement ("ICE") at the California City Correctional Center. Dkt. 1 at 1. He entered the United States on October 14, 2025 with a valid B1/B2 visa that expired on October 14, 2025. *Id*. ¶ 2. Prior to its expiration, Petitioner filed an application for asylum. *Id*. ¶ 3. On January 15, 2026, ICE detained Petitioner while he was attending a biometrics appointment required for his pending asylum application. *Id*. ¶¶ 5–6. He was subsequently given a bond hearing pursuant to 8 C.F.R. § 1236, which was denied based on a finding that Petitioner was a flight risk. *Id*. at 18.

On February 4, 2026, Petitioner received a grant of pre-conclusion voluntary departure under safeguards by an immigration judge and waived his right to appeal. *Id*. at 21, 23. According

to the order, Petitioner had until March 6, 2026, to depart the United States. *Id*. The order further indicated that failure to depart by that date would result in a final order of removal. *Id*. at 21.

Petitioner did not depart by March 6, 2026, however, the record before the court indicates that this was not of his own making. Petitioner was detained through the entirety of his voluntary departure period, during which he repeatedly asked ICE to "Please send me back to Pakistan[,]" noting that he had "already handed over [his] passport and other documents to ICE," and even offering to "buy [his] own airline ticket." Dkt. 11-1 at 1–4. ICE either ignored these pleas or simply noted that it was "working" on recovering his passport and obtaining travel documents. *Id*. Petitioner claims that since the voluntary departure order went into effect, ICE has lost his passport and has failed to apply for travel documents so that he may depart. Dkt. 11 at 3. Petitioner remains detained today—now over two months since his voluntary departure period expired, and for four months total.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

"Where an alien falls within [the INA] statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir.

United States District Court
Eastern District of California

2008). "While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas*, 533 U.S. at 683; *see also Baires v. Lynch*, No. 15-cv-03635-RS-PR, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Courts in this district have found that "relief under due process is unavailable" where a final order of removal [has been] entered against [the] Petitioner." *Wakil v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-01098-CDB (HC), 2026 WL 161223, at *4 (E.D. Cal. Jan. 21, 2026). Under this circumstance, "Section 1231(a) attaches such that Petitioner must be detained for up to the 90-day statutory period pending removal[.]" *Id*.; *see also Perez Argueta v. Warden, California Det. Facility*, No. 2:26-CV-0777-DJC-CKD P, 2026 WL 926072, at *3 (E.D. Cal. Apr. 6, 2026) (finding that due process was not violated where a final order of removal was entered while petitioner was detained, and his total detention had only reached six months).

As such, Respondents argue that because Petitioner did not depart from the United States by March 6, 2026, his voluntary departure order became a final removal order, and detention became mandatory under 8 U.S.C. § 1231(a)(2). Dkt. 7 at 2. Respondents further contend that Petitioner remains in the 90 day window until June 4, 2026, as Petitioner's final order of removal went into effect on March 6, 2026. *Id*. In opposition, Petitioner argues that the 90-day mandatory detention window is inapplicable for two reasons: (1) due process requires that the government demonstrate that he is a flight risk or a danger to the community in order to his continue detention, and (2) that his prolonged detention has become unconstitutionally punitive in violation of due process. Dkt. 11 at 10–12. To remedy these violations, he seeks immediate release or an individualized bond hearing. *Id*. at 17.

Though Respondents' apparent failure to execute Petitioner's voluntary departure is troubling, neither of Petitioner's arguments are persuasive in light of the applicable statutory text and Supreme Court authority. As to the first argument, Section 1231(a)(2) makes clear that "the Attorney General *shall* detain the alien" during the 90-day removal period. 8 U.S.C. § 1231(a)(2)(A) (emphasis added). Detention during this period is mandatory, not discretionary, and the Supreme Court has long recognized that the government may constitutionally detain

3

noncitizens "during the limited period necessary for their removal proceedings[.]" *Demore v. Kim*, 538 U.S. 510, 526 (2003). As this 90-day mandatory detention window has been found to be constitutionally permissible, and Petitioner remains within that window, due process does not require that he be afforded a bond hearing or released from custody. *See Gregorio v. Warden*, No. 2:26-CV-00657-JLT-SKO, 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) (denying habeas petition to detainee who failed to voluntarily depart); *P. S. v. Robbins*, No. 1:26-CV-00456-KES-SKO (HC), 2026 WL 482736, at *2 (E.D. Cal. Feb. 20, 2026) ("Since Petitioner is now within the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory, and Petitioner is not entitled to a bond hearing or release").

As to Petitioner's second argument, his detention has not become so prolonged that it is presumptively unconstitutional. The Ninth Circuit has observed that "[a]s a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months." *Diouf v. Napolitano*, 634 F.3d 1081, 1092, n. 13 (9th Cir. 2011). And in *Zadvydas*, the Supreme Court explained that six months was a presumptively reasonable duration to detain a noncitizen under Section 1231. *Zadvydas*, 533 U.S. at 701. Petitioner has been detained since January 15, 2026—a period of approximately four months as of the date of this Order. That period "is well within the 6-month presumptively reasonable period contemplated in *Zadvydas* and does not implicate those constitutional concerns." *Quezada Haro v. Warden of Mesa Verde Det. Facility*, No. 1:26-cv-00632-KES-SKO (HC), 2026 WL 221782, at *2 (E.D. Cal. Jan. 28, 2026). Courts have found due process concerns typically arise where detention substantially exceeds six months with no allowance for any review. *See Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) ("In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.'"). Petitioner's four-month detention does not qualify as unreasonably prolonged so as to violate his Fifth Amendment due process rights.

//

//

//

4

As such, the Court finds that Petitioner's detention remains mandatory under Section 1231 and has not become so prolonged as to raise due process concerns. Petitioner's petition for writ of habeas corpus is DISMISSED without prejudice to re-filing at a later date.

**IT IS SO ORDERED.**

Dated: May 29, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

United States District Court
Eastern District of California

5